# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| THEODORE MORAWSKI, as Next Friend for A. M. (a minor), RODNEY BEASLEY, and OTHERS SIMILARLY SITUATED<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY; MID-CENTURY INSURANCE COMPANY; MID-CENTURY INSURANCE COMPANY OF TEXAS; 21ST CENTURY NORTH AMERICA INSURANCE COMPANY; 21ST CENTURY PREFERRED INSURANCE COMPANY; 21ST CENTURY CENTENNIAL INSURANCE COMPANY; 21ST CENTURY INSURANCE COMPANY OF THE SOUTHWEST; BRISTOL WEST SPECIALTY INSURANCE COMPANY; FOREMOST COUNTY MUTUAL INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY<br><br>Defendants. | CIVIL ACTION NO. 2:13-CV-102<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## THIRD AMENDED COMPLAINT

Plaintiffs, THEODORE MORAWSKI, as Next Friend for A. M. (a minor), and RODNEY BEASLEY, and others similarly situated, as individuals, and representatives of the Class described herein, ("Plaintiffs") bring this class action against Defendants, FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY; MID-CENTURY INSURANCE COMPANY; MID-CENTURY INSURANCE COMPANY OF TEXAS; 21ST CENTURY NORTH AMERICA INSURANCE COMPANY; 21ST CENTURY PREFERRED INSURANCE

COMPANY; 21ST CENTURY CENTENNIAL INSURANCE COMPANY; 21ST CENTURY INSURANCE COMPANY OF THE SOUTHWEST; BRISTOL WEST SPECIALTY INSURANCE COMPANY; FOREMOST COUNTY MUTUAL INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY, (the above-named defendants being collectively referred to herein as "Farmers Insurance Group" or "Defendants") and upon information and belief, state the following in support of this Third Amended Complaint:

## PARTIES

1. Plaintiff, THEODORE MORAWSKI, as Next Friend for A. M. (a minor), is a citizen of the State of Texas and resides in Smith County, Texas which is within the Eastern District of Texas.

2. Plaintiff, RODNEY BEASLEY, is a citizen of the State of Texas and resides in Anderson County, Texas which is within the Eastern District of Texas.

3. Plaintiffs are representatives of a class of persons, and/or entities, who were insured by the Farmers Insurance Group in personal and/or corporate automobile policies, or are/were medical providers to whom payments were assigned as benefits of the subject policies herein.

4. Defendant FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY is a part of the Farmers Insurance Group and is a Texas corporation with, upon information and belief, corporate headquarters and principal place of business in Pocatello, Idaho. This Defendant may be served through Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728-3822.

5. Defendant MID-CENTURY INSURANCE COMPANY is a part of the Farmers Insurance Group and is a California corporation with, upon information and belief, corporate

headquarters and principal place of business in Los Angeles, California. This Defendant may be served through Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728-3822.

6. Defendant MID-CENTURY INSURANCE COMPANY OF TEXAS is a part of the Farmers Insurance Group and is a Texas corporation with, upon information and belief, corporate headquarters and principal place of business in Austin, Texas. This Defendant may be served through Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728-3822.

7. Defendant 21ST CENTURY NORTH AMERICA INSURANCE COMPANY is a part of the Farmers Insurance Group and is a New York corporation with, upon information and belief, corporate headquarters and principal place of business in Wilmington, Delaware. This Defendant may be served through its Registered Agent, Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, TX 78701-3218.

8. Defendant 21ST CENTURY PREFERRED INSURANCE COMPANY is a part of the Farmers Insurance Group and is a Pennsylvania corporation with, upon information and belief, corporate headquarters and principal place of business in Wilmington, Delaware. This Defendant may be served through its Registered Agent, Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, TX 78701-3218.

9. Defendant 21ST CENTURY CENTENNIAL INSURANCE COMPANY is a part of the Farmers Insurance Group and is a Pennsylvania corporation with, upon information and belief, corporate headquarters and principal place of business in Wilmington, Delaware. This Defendant may be served through its Registered Agent, Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, TX 78701-3218.

10. Defendant 21ST CENTURY INSURANCE COMPANY OF SOUTHWEST is a part of the Farmers Insurance Group and is a Texas corporation with, upon information and

belief, corporate headquarters and principal place of business in Woodland Hills, California. This Defendant may be served through its Registered Agent, Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, TX 78701-3218.

11. Defendant BRISTOL WEST SPECIALTY INSURANCE COMPANY is a part of the Farmers Insurance Group and is a Florida corporation with, upon information and belief, corporate headquarters and principal place of business in Davie, Florida. This Defendant may be served through its Registered Agent, Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, TX 78701-3218.

12. Defendant FOREMOST COUNTY MUTUAL INSURANCE COMPANY is a part of the Farmers Insurance Group and is a Texas corporation with, upon information and belief, corporate headquarters and principal place of business in Austin, Texas. This Defendant may be served through Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728-3822.

13. Defendant ZURICH AMERICAN INSURANCE COMPANY is a part of the Farmers Insurance Group and is a New York corporation with, upon information and belief, corporate headquarters and principal place of business in Schaumburg, Illinois. This Defendant may be served through its Registered Agent, Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, TX 78701-3218.

14. Defendants listed above in paragraphs 4 - 13 are collectively referred to as "Defendants" or "Farmers Insurance Group" throughout this Third Amended Complaint.

## JURISDICTION AND VENUE

15. Pursuant to 28 U.S.C. §1332(d)(2), this Court has jurisdiction over this matter based on the presumption that there are over 100 members in the Class of persons and/or entities represented by the Plaintiffs; that Plaintiffs' claims involve an aggregate amount in controversy

that exceeds $5 million, exclusive of interest and costs; and the diversity of citizenship of the Plaintiffs and Defendants.

16. Pursuant to 28 U.S.C. §1391, venue is proper in the Eastern District of Texas due to Defendants being subject to personal jurisdiction in this District given the Defendants conduct significant insurance business in this District, and because a substantial part of the events giving rise to the claim occurred within this District.

## NATURE OF SUIT

17. This is a Class Action brought pursuant to Rule 23 of Federal Rules of Civil Procedure against Farmers Insurance Group for the intentional conduct of payments to its Insureds for amounts below the contractually agreed upon reimbursements pursuant to contracts of insurance.

18. Defendants write personal automobile policies in the State of Texas, are licensed to sell automobile insurance in the State of Texas, and upon information and belief, some Defendants write and are licensed to sell insurance in all 50 of the United States of America, and the District of Columbia.

19. By way of background, the Farmers Insurance Group, among others, were significantly involved in major tort reform legislation passed in 2003 in the State of Texas concerning "paid v. incurred" recovery of medical expenses. In doing so, specific legislation was passed limiting the financial recovery to an injured Plaintiff to the lesser of the "paid v. incurred" amount of medical bills, under the premise of preventing a potential "windfall" to a Plaintiff in a personal injury recovery. See Texas Civil Practices & Remedies Code 41.0105, which states:

> In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually ***paid or incurred*** by or on behalf of the claimant. (*emphasis added*)

20. Interestingly, about the same time this legislation was pending and being passed in Texas, some of the Farmers Insurance Group were involved in significant Class Action litigation in the State of Oklahoma, whereby certain of the Farmers Insurance Group were alleged to have limited financial recovery to its Insureds on the basis of a reduction formula called "RC 40." This litigation recently concluded with a significant payment to its Insureds for failing to pay the contractually agreed upon reimbursement rate of incurred medical expenses.

21. The Texas legislation involved limiting the financial recovery to third-party recoveries, i.e. to an injured plaintiff claimant who was not the insured of a defendant insurer. However, the Texas legislation did <u>NOT</u> address any limited recoveries to an insured claimant of his or her insurer, by which there is owed a duty of good faith and fair dealing. But what was done via this legislation is a clear, unambiguous legal discussion of "incurred" medical bills, and what is to be considered and paid, in the context of medical expense recoveries.

22. A standard Texas Automobile Policy states the following first-party benefits to its insured:

> "A. We will pay Personal Injury Protection benefits because of bodily injury:
>
>     1. resulting from a motor vehicle accident; and
>
>     2. sustained by a covered person.
>
> B. Personal Injury Protection benefits consist of:
>
>     1. Reasonable expenses incurred for necessary medical and funeral services.
>
> . . . " .

23. In theory, when an Insured is injured in a "covered vehicle," the Insured presents an Application for Benefits under either the Personal Injury Protection (PIP) or Medical Payment (Med-Pay) portions of the policies, assuming such coverage was in effect at the time of the accident. In doing so, the Insured relies on the expertise of its Insurer to handle his or her claim in the proper way, and has full expectation that the claim will be handled with the best interest of the Insured in mind. This relationship between Insurer and Insured is unique, and bears a heightened duty of "good faith and fair dealing." <u>Manges v. Guerra</u>, 673 S.W.2d 180 (Tex. 1984); and <u>Arnold v. National County Mutual Fire Ins. Co.,</u> 725 S.W.2d 165 (Tex. 1987). Specific conduct is also codified in the Texas Insurance Code. For reasons outlined in this Third Amended Complaint, Farmers Insurance Group failed in this duty.

24. Upon information and belief, other major insurance companies – State Farm, Allstate, Progressive, and others – will routinely pay the "incurred" bills back to their Insureds upon a properly presented Application for Benefits. These payments are paid regardless of whether an Insured has private health insurance which may have paid a portion of the presented medical bill. These other Insurers are following the standard automobile policy language, and appear to be paying benefits as required.

25. However, the Farmers Insurance Group is reducing payments based on the "paid" medical bills only to those Insureds who benefitted from health insurance. By way of example, one Insured with an injury requiring a $1,500 visit to the emergency room, ***without health insurance***, is reimbursed the $1,500 in PIP or Med-Pay benefits. However, another Insured ***with health insurance***, with identical treatment, is paid less in contracted PIP and/or Med-Pay benefits because the bill was reduced via some third-party contract between the medical provider and the health insurance carrier. The Farmers Insurance Group pays only the lesser of the "paid"

medical bill – in direct violation of the insurance contract – and is thereby trying to benefit from a prudent Insured who has private health coverage.

## A.M. (A MINOR) FACTS

26. Here, Plaintiff, A. M. (a minor) is and was an insured of the Farmers Insurance Group, under Policy No. 0068752199. On May 30, 2009, A. M. (a minor) was injured in an automobile/pedestrian accident occurring in Canton, Texas.

A. M. incurred medical bills as follows:

|   |   |   |
|---|---|---|
| a. | Grand Saline EMS - | $1,035.00 |
| b. | Trinity Mother Frances Hospital - | $1,109.00 |
|   | **TOTAL:** | **$2,144.00** |

27. An Application for Benefits and Proof of Loss was submitted on behalf of Plaintiff A.M. (a minor) on September, 16, 2010, for the full amount of $2,144.00. This amount was below the PIP insuring limits of $2,500. Claim No: 1014648047-1-1 was assigned to the claim.

28. On September 23, 2010, Farmers Texas County Mutual Insurance Company, one of the Farmers Insurance Group entities, submitted Check No. 5266176525 in the amount of $1,543.26 as payment of the PIP benefits applied for under the Policy.

29. On October 1, 2010, a letter was sent on behalf of Plaintiff A.M. (a minor) to Med/PIP Claims Representative Jesse Fudge asking for The Farmers Insurance Group to immediately send the balance of $600.74, the difference between the incurred bills of $2,144.00, and the PIP paid benefit of $1,543.26.

30. On October 5, 2010, Med/PIP Claims Representative Jesse Fudge responded to the correspondence stating that:

"Farmer's Texas County Mutual Insurance Company is only responsible for payment of balances owed to treating providers. An adjustment afforded to your insured is not a balance owed to the provider, and ultimately we are unable to consider any adjustments for reimbursement"

31. On October 7, 2010, counsel for Plaintiff A.M. (a minor) pleaded one more time for the Farmers Insurance Group to pay the contractually agreed upon amount of the incurred bills. To date, The Farmers Insurance Group has refused to pay the balance of $600.74.

32. Plaintiff A.M. (a minor) is believed to be one of many Insureds similarly situated with The Farmers Insurance Group, who have been shorted the lesser of the "paid" medical after deductions, rather than the contractually agreed upon payment of "incurred" medical expenses.

## RODNEY BEASLEY FACTS

33. Rodney Beasley is and was an insured of The Farmers Insurance Group, under Policy No. 0068720143. On October 20, 2007, RODNEY BEASLEY was injured in an automobile accident occurring in Anderson County, Texas.

RODNEY BEASLEY incurred medical bills as follows:

| | | |
|---|---|---|
| a. | Tanya Solis, M.D. - | $170.00 |
| b. | Alan Smith, M.D. - | $30.00 |
| c. | East Texas Physicians Alliance - | $1,733.54 |
| d. | New Dimensions Rehab - | $729.00 |
| | **TOTAL:** | **$2,662.54** |

34. An Application for Benefits and Proof of Loss was submitted on behalf of Plaintiff RODNEY BEASLEY on June 7, 2010, for the full amount of $2,662.54. This amount would have maximized the PIP insuring limit of $2,500.00. Claim No: 1016158400-1-4 was assigned to the claim.

35. On June 10, 2010, Farmers Texas County Mutual Insurance Company, one of The Farmers Insurance Group entities, submitted Check No. 5266169125 in the amount of $839.67,

representing a portion of the PIP benefits under the Policy. On June 21, 2010, Farmers Texas County Mutual Insurance Company, one of The Farmers Insurance Group entities, submitted Check No. 5266169809 in the amount of $229.23, representing a portion of the PIP benefits under the Policy. In total, Farmers Texas County Mutual Insurance Company paid RODNEY BEASLEY a total PIP benefit of $1,068.90.

36. On June 15, 2010, and July 27, 2010, a letter was sent on behalf of Plaintiff RODNEY BEASLEY to Med/PIP Claims Representative Shannon Almon asking for The Farmers Insurance Group to immediately send the balance of $1,432.10, the difference between the <u>incurred</u> bills of $2,662.54, which would have maximized the PIP payment at $2,500.00, and the PIP <u>paid</u> benefit of $1,068.90.

37. On August 2, 2010, Med/PIP Claims Representative Shannon Almon responded to the previous correspondence stating that her payment of PIP benefits took into consideration the private healthcare (BlueCross BlueShield) adjustments, and that she would not be paying any additional PIP benefits for RODNEY BEASLEY.

38. Plaintiff A.M. (a minor) and RODNEY BEASLEY are believed to be two of many Insureds similarly situated with The Farmers Insurance Group, who have been shorted the lesser of the "paid" medical after deductions, rather than the contractually agreed upon payment of "incurred" medical expenses.

## STATEMENT OF FACTS FOR CLASS ACTION

39. The named Plaintiffs in this action are representatives of a much larger class of persons who were insured by The Farmers Insurance Group, who had claims for PIP and/or Med-Pay benefits through The Farmers Insurance Group, and were paid the lesser of paid medical vs. the contractually agreed upon incurred medical.

## **CLASS ALLEGATIONS**

40. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, as individuals and on behalf of all members of the following class:

> All persons located in the State of Texas, or any other state in the United States where the Defendants were licensed to write insurance, who were policyholders of automobile insurance through any of the named Defendants, and any related entities, who carried Personal Injury Protection (PIP) benefits and / or Medical Payment (Med-Pay) benefits, and who presented claims for benefits pursuant to the policy, and who were paid less than the incurred medical expenses as prescribed in the policy (the "Class").

41. The Class is so numerous that joinder of all members is impracticable. Ultimately, the precise number of Class members must be the subject of discovery, but Plaintiffs allege that the numbers for the Class are at least in the thousands.

42. There are questions of law and fact common to the Class, including:

   a. Whether Defendants policies of denying or reducing payments to its Insureds were against its own contracts and internal policies;

   b. Whether Defendants conduct was performed in bad faith;

   c. Whether Defendants conduct permeated other Insureds and any remedies qualify for Class action;

   d. Whether Defendants appropriately and consistently paid PIP and Med-Pay benefits which were applied for during the terms of the policy periods, or

   e. Whether any discounts were inappropriately applied.

43. Plaintiffs' claims are typical of the claims of all Class members in that they all maintained policies of auto insurance with The Farmers Insurance Group, and presented claims for benefits.

44. Plaintiffs will fairly and adequately protect the interests of the Class and are not in conflict with the interests of Class members. Further, Plaintiffs have retained competent counsel and counsel will fairly and adequately protect and represent the interests of the Class.

45. Plaintiffs assert that, pursuant to Fed. R. Civ. P. 23(b)(2), the Farmer's Insurance Group actions apply generally to the Class and that, if necessary, final injunctive or declaratory relief is appropriate for the Class as a whole.

46. Plaintiffs assert that, pursuant to Fed. R. Civ. P. 23(b)(3), the questions of law and/or fact common to the Class members predominate over the question of individual members, and that this class action is a superior method for the fair and efficient adjudication of these claims, as individual class members may not decide to individually prosecute their claims with The Farmers Insurance Group given the length of time and expenses associated with such lengthy litigation.

## CAUSES OF ACTION

47. **Breach of Contract** – Plaintiffs incorporate by reference all preceding paragraphs.  Plaintiffs and Class Members have performed all conditions precedent under the Standard Automobile Insurance Policy in order to received their PIP and/or Med-Pay benefits; The Farmers Insurance Group has failed and continues to refuse to pay the valid and compensable PIP and/or Med-Pay benefits; and given The Farmers Insurance Group's failure to pay, Plaintiffs and all Class Members are entitled to attorneys' fees for the successful prosecution of this claim.

48. **Breach of the Duty of Good Faith & Fair Dealing** - Plaintiffs incorporate by reference all preceding paragraphs.  The Standard Automobile Insurance Policy between Plaintiffs, Class Members, and The Farmers Insurance Group contain an implied covenant of good faith and fair dealing, and as a matter of law, The Farmers Insurance Group is held to a higher standard of care when dealing with the nature of its claims with its own Insureds. Plaintiffs and Class Members had a reasonable expectation that The Farmers Insurance Group

would handle each claim, singularly and/or collectively, in a manner that put the interests of the Insureds first. The Farmers Insurance Group consistently failed to do so, breaching the duty of good faith and fair dealing in the handling of the PIP and/or Med-Pay claims presented herein.

49. **Deceptive Trade Practices Violations** – Plaintiffs incorporate by reference all preceding paragraphs. Plaintiffs and Class Members purchased coverage of automobile insurance through The Farmers Insurance Group, with an expectation that such coverage would provide a certain quality and standard of benefits of a certain value; instead, The Farmers Insurance Group's conduct provided benefits of lesser value, and done with an intent to have a deceptive trade practice in violation of industry standards. For this claim, all insureds of The Farmers Insurance Group have a cause of action for deceptive trade practice violations by The Farmers Insurance Group.

50. **Intentional, Knowing Conduct** - Plaintiffs incorporate by reference all preceding paragraphs. Upon information and belief, The Farmers Insurance Group participated in this course of wrongdoing with full knowledge and consent of upper management of the companies, thereby permitting Plaintiffs and Class Members to a finding of a "knowing" violation and additional damages as allowed by law. Upon information and belief, The Farmers Insurance Group was actively involved in the Texas tort reform legislation which omitted benefits in first-party coverage issues, and certain members of The Farmers Insurance Group were also the subject of the Oklahoma Class Action litigation based on a cost reduction formula. Notwithstanding these two major issues, The Farmers Insurance Group has continued to violate the clear policy language of the Standard Automobile Insurance Policy, and has done so intentionally. Tex. Ins. Code, Sec. 541.002(1).

51. **Conspiracy** - Plaintiffs incorporate by reference all preceding paragraphs. A special relationship of trust exists between an Insured and the Insurer. Plaintiffs and Class Members, as Insureds, are, and at all material times were, in a position of reliance on The Farmers Insurance Group to make full, complete, and proper adjusting of the claims presented, to make proper payments to the Insureds and/or Medical Care Providers; Plaintiffs and Class Members relied on The Farmers Insurance Group to place the interest of the Insureds first, ahead of its own, as it is in a position of expertise in the adjusting and handling of these claims. The Farmers Insurance Group failed to do so and have collectively conspired to collect insurance premiums for services and benefits that it never intended to pay.

52. **Texas Insurance Code Violations** - Plaintiffs incorporate by reference all preceding paragraphs. Plaintiffs and Class Members are persons protected by the Texas Insurance Code statutes, and The Farmers Insurance Group has violated provisions therein, including but not limited to the following provisions of the Texas Insurance Code:

> **Sec. 541.003:** engaging in an unfair method of competition or an unfair or deceptive act or practice in the business of insurance;
>
> **Sec. 541.060:** engaging in unfair settlement practices, including misrepresenting a material fact or policy provision relating to coverage; failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.

53. **Attorneys' Fees** - Plaintiffs incorporate by reference all preceding paragraphs. Plaintiffs and Class Members seek attorneys' fees for the prosecution of this case.

54. **Punitive / Exemplary / Trebling of Damages** - Plaintiffs incorporate by reference all preceding paragraphs. Based on numerous allegations of intentional and/or

knowing conduct by The Farmers Insurance Group, Plaintiffs and Class Members seek additional damages as allowed by law.

55. **Tolling of Statute of Limitations** – Plaintiffs and Class Members are entitled to a tolling of any applicable statute of limitations, given the concealment of the practices conducted by The Farmers Insurance Group, and no Plaintiff or Class Member, with due diligence, would have reasonably discovered the unfair practices that were occurring with the benefits paid and / or provided.

56. Additionally, Plaintiff A.M. is a minor child, and any applicable limitations period is tolled for him until he reaches the age of majority, as he is under a legal disability for statute of limitations purposes. Tex. Civ. Prac. & Rem. Code § 16.001(a)(1), 16.002(a)(1); *Weiner v. Wasson*, 900 S.W. 2nd 316, 318-19 (Tex. 1995).

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and as representatives of the Class, request judgment be entered against Defendants, jointly and severally, and that this Court grant all relief allowable by Federal law or state law, including but not limited to the following:

1. An order certifying the Class and appointing Plaintiffs and their counsel to represent the Class;

2. A judgment against Defendants for Plaintiffs' and the Class' asserted causes of action;

3. A judgment and order requiring Defendants to pay each Plaintiff and Class member compensatory damages, statutory penalties as allowed by law, along with an appropriate award of punitive damages;

4. A judgment and order requiring Defendants to pay Plaintiffs the cost of this action, including all disbursements, and an award of attorney's fees as authorized by law; and,

5. Any and all other relief to which Plaintiffs and Class members may be entitled.

Respectfully submitted,

Dated: March 11, 2014

/s/ Ronald S. Vickery
Ronald S. Vickery
State Bar No. 20574250
Vickery Law Firm
210 S. Broadway, Suite 230
Tyler, Tx 75702
(903) 504-5490
(903) 787-7540 FAX
ron@vickerylawfirm.com

/s/ Brian Craft
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
Findlay Craft, LLP
6760 Old Jacksonville Highway,
Suite101
Tyler, Tx 75703
(903) 534-1100
(903) 534-1137 FAX
efindlay@findlaycraft.com
bcraft@findlaycraft.com

**ATTORNEYS FOR PLAINTIFF THEODORE MORAWSKI, AS NEXT FRIEND FOR A. M. (A MINOR), RODNEY BEASLEY, AND OTHERS SIMILARLY SITUATED**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on March 11, 2014, the foregoing document was filed electronically in compliance with Local Rule CV-5(a). This complaint was served on all counsel by electronic filing.

>*/s/ Brian Craft*
>Brian Craft