**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| THEODORE MORAWSKI, as Next Friend for A. M. (a minor), and OTHERS SIMILARLY SITUATED  *Plaintiffs*,  v.  FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, MID-CENTURY INSURANCE COMPANY; MID-CENTURY INSURANCE COMPANY OF TEXAS; 21st CENTURY NORTH AMERICA INSURANCE COMPANY; 21st CENTURY PREFERRED INSURANCE COMPANY; 21st CENTURY CENTENNIAL INSURANCE COMPANY; 21st CENTURY INSURANCE COMPANY OF THE SOUTHWEST,  *Defendants*. | § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 2:13-cv-00102-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Farmers Texas County Mutual Insurance Company, Mid-Century Insurance Company, Mid-Century Insurance Company of Texas, 21st Century North America Insurance Company, 21st Century Preferred Insurance Company, 21st Century Centennial Insurance Company, and 21st Century Insurance Company of the Southwest's (collectively "Defendants") Motion to Dismiss Directed at Plaintiff's Second Amended Complaint. (Dkt. No. 21.) Having considered the parties' written submissions, the Court **GRANTS** Defendants' Motion.

1

I.      **Factual Background**

Theodore Morawski, as Next Friend for A.M. (a minor) ("Plaintiff"), filed this case as individuals and on behalf of others similarly situated, against Defendants for alleged breach of contract, breach of the duty of good faith and fair dealing, deceptive trade practices violations, conspiracy, and violations of the Texas Insurance Code. (*See* Second Amended Complaint, Dkt. No. 18.) Mr. Morawski and Defendant Farmers Texas County Mutual Insurance Company ("Farmers Texas") are both Texas residents, negating complete diversity. (*See id.* at ¶¶ 1-2.) Plaintiff has invoked this Court's diversity jurisdiction under the Class Action Fairness Act, which provides that a district court shall have original jurisdiction in cases where the purported class includes more than 100 members; plaintiffs' claims involve an aggregate amount in controversy that exceeds five million dollars, exclusive of interest and costs; and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

Plaintiff's claims arise out of a May 30, 2009 automobile/pedestrian accident (the "May 30, 2009 accident"), where A.M. (a minor) was injured. A.M. (a minor) was an insured of the Farmers Insurance Group, under Policy No. 0068752199 (the "policy" or "insurance policy"). A.M (a minor) received medical bills in the amount total of $2,144.00. An application for benefits and proof of loss was submitted on behalf of A.M. (a minor) on September 16, 2010, for the full amount of $2,144.00, which was below the insurance limits under the Personal Injury Protection ("PIP") provision of the policy. On September 23, 2010, Farmers Texas submitted a check in the amount of $1,543.26 as payment of the PIP benefits. A letter was sent on behalf of A.M. (a minor) to the Farmers claims representative, demanding additional payment of $600.74, the difference between the total amount of the medical bills and the paid benefits. The claims representative rejected Plaintiff's request for additional payment, stating that Farmers Texas "is

only responsible for payment of balances owed to treating providers," and that "[a]n adjustment afforded to [the] insured is not a balance owed to the provider."

After another failed attempt to obtain the $600.74 additional payment from the Farmers Insurance Group, Theodore and Holly Morawski ("the Morawskis") filed an original petition on April 28, 2011 with the 241st Judicial District Court in Smith County, Texas (the "prior lawsuit"), on behalf of A.M and J.M. (both minors), against the driver of the vehicle that caused the accident and Farmers Texas.  (*See* Plaintiff's Original Petition, Dkt. No. 38-2.)  The Morawskis accused Farmers Texas for breach of contract and for violation of the Texas Insurance Code, under the Uninsured/Underinsured Motorist ("U/UM") coverage of the insurance policy.  The Morawskis sought to recover "all legally compensable damage arising out of the [May 30, 2009] accident," including "those expenses incurred by the minor children to date for the care and treatment of injuries sustained by [the children]."  (Dkt. No. 38-2 at 3.)  The Morawskis further alleged that the parties had reached an agreement (the "settlement agreement") and that they had filed the suit for the sole purpose of seeking the court's approval of the agreement.  The Texas district court, upon "hearing the evidence pertaining to the matter in which the accident occurred, the liability and fault of the parties…the nature and extent of all the injuries and damages sustained by [p]laintiff, and…all other evidence pertaining to the matter involved herein," entered a final judgment on May 27, 2011.  (Dkt. No. 38-3 at 2.)  The court approved the parties' settlement agreement, and ordered Farmers Texas to pay the Morawskis and the two minor children a certain amount of money, which payment "discharges in full all obligations of Defendants and all…corporation[s] in privity with Defendants," with respect to claims "known or unknown…arising from or in any manner growing out of the [May 30, 2009] accident."  (*Id.* at 4.)

On February 5, 2013, Mr. Morawski filed the instant lawsuit against Farmers Texas and the

3

other named Defendants, seeking to recover a portion of the medical expenses incurred in treating A.M.'s injuries resulting from the May 30, 2009 accident. Plaintiff alleges that the additional payment of $600.74 is due under the PIP provision of the insurance policy. Plaintiff further alleges that many other insureds with the Farmers Insurance Group are similarly situated as Plaintiff, in that they have been denied the contractually agreed upon payment of the "incurred" medical expenses, and instead were only provided with a lesser "paid" medical expenses after deductions.

## II.     Procedural Background

Defendants move to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6), alleging, *inter alia*, that Plaintiff's claims are precluded by the state court's final judgment. (Dkt. No. 21.) On February 10, 2014, the Court notified the parties of its intent to treat Defendants' motion to dismiss as one for summary judgment pursuant to Fed. R. Civ. P. 12(d), given that the prior lawsuit is a matter outside the scope of Plaintiff's complaint. (*See* Dkt. No. 36.) The Court gave the parties ten days to submit all relevant evidence regarding the issue of *res judicata*, and the parties have timely complied. (*See id.*; Dkt. Nos. 38, 41.)

## III.    Applicable Law

Under Fed. R. Civ. P. 12(d), "[i]f, on a motion under Rule 12(b)(6)…matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering motions for summary judgment, the Court must draw all reasonable inferences in favor of the non-moving party. *Id.* at 255; *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

**IV. Analysis**

Defendants have raised seven independent grounds upon which Plaintiff's claims should allegedly be dismissed. (*See* Dkt. No. 21.) As stated in the Court's previous order, here the Court focuses on the argument that Plaintiff's claims are barred by the doctrine of *res judicata*. (*See* Dkt. No. 36 at 2.)

**a. Texas Law Governs The Issue of *Res Judicata* in This Case**

Defendants contend that Plaintiff's claims are barred, under the doctrine of *res judicata*, by the state court judgment entered on May 27, 2011 as between Plaintiff and Defendant Farmers Texas. Where, as here, a state court judgment allegedly bars a subsequent federal diversity action, state law governs the adjudication of the issue of *res judicata*. *See Commercial Box & Lumber Co., Inc. v. Uniroyal, Inc.*, 623 F.2d 371, 373 (5th Cir. 1980).

Under Texas law, "*res judicata*, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996) (citing *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992)). To invoke the doctrine, the proponent must prove: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of the parties or those in privity with them, and (3)

a second action based on the same claims as were raised or should have been raised in the first action. *Jones*, 82 F.3d at 1338 (citing *Texas Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979)).

Here, there is no dispute that the state court judgment is a final judgment on the merits rendered by a court of competent jurisdiction. Also not in dispute is that identical parties are involved in the prior lawsuit and the instant one.[1] (*See* Dkt. No. 21 at 13; Dkt. No. 23 at 13.) The only contested issue is whether the instant action is based on the same claims as were raised or should have been raised in the state court action.

### b. Plaintiff's Alternative Theory of Recovery Under The PIP Provision of the Policy Should Have Been Raised in The State Court Action

Plaintiff argues that *res judicata* does not bar his recovery under the "Personal Injury Protection" provision of the policy, because he only sued Farmers Texas under the "Uninsured/Underinsured Motorist" provision of the policy in the prior lawsuit. This Court disagrees.

Under Texas law, a judgment in an earlier suit "precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992) (citing *Barr*, 837 S.W.2d at 630). A determination of what constitutes the subject matter of a suit "requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of the action." *Barr*, 837 S.W.2d at 630. "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Id.* (citations omitted). In *Barr*, the Texas

---

[1] The parties presented their arguments pursuant to the four-factor test for *res judicata* established under federal law. *See In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007). The parties agreed that the first three factors of the test are satisfied here, which include (1) identical parties, (2) that prior judgment was rendered by a court of competent jurisdiction and (3) that there was a final judgment on the merits.

6

Supreme Court adopted the "transactional" approach to *res judicata*, which provides that a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose. *See id.* at 631. In determining whether facts constitute a single "transaction," courts are directed to consider "their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes." *Getty*, 845 S.W.2d at 799 (citing Restatement (Second) of Judgments § 24 cmt. b (1980)).

Here, Plaintiff's present lawsuit arises out of the same subject matter as the prior lawsuit. Both actions are based on the same injury which A.M (a minor) sustained during an accident on May 30, 2009.[2] In both cases, Plaintiff sued Farmers Texas for breaching the same auto insurance policy, and sought to recover the same medical expenses incurred for treating A.M. (a minor)'s injury.[3] Both suits require proof of establishing the auto insurance policy, determining the scope of the coverage and the amount of A.M. (a minor)'s medical care expenses. While Plaintiff did not explicitly allege or focus on the PIP provision of the policy in the prior lawsuit, it is clear that the factual matters in both suits are so closely related "in time, space, origin and motivation," that they should be considered a single transaction. *See Getty*, 845 S.W.2d at 799. The issues of both suits clearly form "a convenient unit for trial purposes." *See id.* To hold separate trials would require a considerable waste of resources and a duplication of efforts on the part of both the court and the parties involved. Indeed, all the events giving rise to these two lawsuits took place *before* Plaintiff filed the initial state court action. With reasonable diligence, Plaintiff's alternative theory of recovery under the PIP provision of the policy could and should have been raised in the

---

[2] The prior lawsuit was also based on the injury that J.M. (a minor) sustained during the same accident. (*See* Dkt. No. 38-2 at 3.)

[3] Plaintiff's request for recovery was much broader in the prior lawsuit than in the instant one. While Plaintiff only seeks to recover a portion of A.M. (a minor)'s medical expenses in the instant case, in the prior lawsuit he sought to recover "all legally compensable damages arising out of the aforementioned incidence," including the expenses for the minor children's treatment, as well as " loss of consortium, affection, solace and emotional support." (*See* Dkt. No. 38-2 at 3.)

state court action. *See Jones*, 82 F.3d at 1338; *Barr*, 837 S.W.2d at 628.

Under the "transactional" test for *res judicata*, as established by the Texas Supreme Court in *Barr* and *Getty*, the facts in Plaintiff's prior and current lawsuits are derived from a single transaction. The Court sees no reason why Plaintiff could not have raised his current claims against Farmers Texas in the state court action. Plaintiff's current claims are therefore precluded by the state court's final judgment.

### c. The State Court Did Not Incorporate the Parties' Settlement Agreement Into Its Final Judgment

Plaintiff further argues that, instead of applying the transactional test, this Court should determine the scope of *res judicata* by the parties' actual intentions as reflected in the settlement agreement. Plaintiff urges this Court to adopt a narrow reading of the state court's final judgment, which explicitly "discharge[d] in full all obligations of Defendants" and persons in privity with Defendants, for claims "known or unknown" arising out of the March 30, 2009 accident, in exchange for certain payment of money from Farmers Texas to Plaintiff. (*See* Dkt. No. 38-3 at 4.) Plaintiff alleges that the final judgment should be limited in scope to his claims under the "Uninsured/Underinsured Motorist" provision of the policy, because the judgment incorporated the terms of the settlement agreement which purported to settle only the claims arising out of the U/UM coverage. (Dkt. Nos. 41-3, 41-7.)[4]

The Texas Supreme Court held, in *McGuire v. Commercial Union Ins. Co. of New York*, that parties to a prior lawsuit may contractually preserve a claim or defense from later being barred

---

[4] Defendants move to strike the mediated settlement agreement as being inadmissible under Fed. R. Evid. 408. (*See* Dkt. No. 39 at 5-6.) Rule 408 prohibits the use of prior compromise offers and acceptances "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." The Court, however, uses the settlement agreement not for any of the prohibited purposes, but to ascertain the proper scope of the state court's final judgment. Defendants further object to the settlement agreement as being inadmissible hearsay under Fed. R. Evid. 803. (*Id.* at 6; Dkt. No. 45 at 7-8.) Defendants' objection is overruled, because, as noted above, the Court does not use the settlement agreement to prove "the truth of the matter asserted therein."

8

under *res judicata*, when the presiding court has severed such claim or defense from the main suit and expressly approved the "carve-out" in its final judgment. *See McGuire v. Commercial Union Ins. Co. of New York*, 431 S.W.2d 347, 350-52 (Tex. 1968).

The Fifth Circuit has also recognized, without explicitly agreeing with, the Eleventh Circuit's reasoning in *Norfolk Southern Corp. v. Chevron USA, Inc.*, 371 F.3d 1285, 1291 (11th Cir. 2004), where the Eleventh Circuit held that parties can waive a later *res judicata* defense by using an "exclusive list" of claims subject to release in their settlement agreement. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402 (5th Cir. 2009) (citing *Norforlk*, 371 F.3d at 1291). Like the Texas Supreme Court, however, the Fifth Circuit has held that to make a settlement agreement part of a dismissal order by incorporation, the court must clearly indicate its intention within the dismissal order itself, either by a separate provision (such as a provision retaining jurisdiction over the settlement agreement) or by expressly incorporating the agreement's terms. *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 431 (5th Cir. 2002); *Oreck*, 560 F.3d at 402 (citing *Hospitality House*, 298 F.3d at 430). "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994); *Oreck*, 560 F.3d at 402 (quoting the same).

Here, it is undisputed that the state court was aware and approved of the parties' settlement agreement. (*See, e.g.*, Dkt. No. 38-3 at 2 ("the Court is of the opinion that such an agreement of settlement is in the best interest of the Minor and the Court does here and now approve the compromise settlement and enters the following judgment…").) The state court, however, did not approve or incorporate into the final judgment, either expressly or by reference, those terms of the settlement agreement that purported to preserve Plaintiff's claim for PIP benefits. The state court did not expressly reserve the power to enforce the settlement past the entry of its final

judgment. While the parties submitted to the state court an Agreement of Settlement below the signature line of which included a short statement purporting to preserve Plaintiff's claim for PIP benefits, (*see* Dkt. No. 41-7 at 8), the final judgment did not mention PIP benefits, or words to the same effect, at all. The remainder of the final judgment is likewise devoid of any indicia of the state court's intent to make the alleged "carve-out" a part of its final judgment. *Compare* Final Judgment, Dkt. No. 38-3 *with McGuire*, 431 S.W.2d 347 at 350-52 (trial court's intent to approve the carve-out provision of the settlement agreement demonstrated by the court's order to sever the carved-out claim and by the final judgment that approved the settlement agreement "in all respects."). Rather, the state court entered a broad judgment "in full settlement of all claims, demands, and causes of action, whether known or unknown," which had arisen or might arise, "as a result of the accident in question." (*See* Dkt. No. 38-3 at 1, 4.) Absent a clear indication of the state court's intent to preserve Plaintiff's PIP claim, the court's "mere awareness and approval of" the terms of the settlement agreement "do not suffice" to make the agreement a part of the final judgment. *See Kokkonen*, 511 U.S. at 381. The explicit language of the final judgment, rather than the terms of the settlement agreement, controls the *res judicata* determination as to the prior lawsuit.

Plaintiff contends that this Court's ruling in *Mondis v. LG Electronics* supports a narrow reading of the state court's final judgment in the instant case. *See Mondis v. LG Electronics*, No. 2:07-cv-565-JRG (E.D. Tex. Feb. 12, 2012), ECF No. 717. In *Mondis*, this Court rejected defendant TPV's *res judicata* argument with respect to plaintiff Mondis's demand to arbitrate certain monitor claims. *Id.* at 3. The Court found that the monitor claims were not barred by a prior order of dismissal which had incorporated the parties' settlement agreement, because the settlement agreement "provide[d] a specific and limited release and license which runs only to the

10

television claims." *Id.* at 2-3. The Court further noted that the settlement agreement had "expressly excluded any application to" the monitors or other display products of defendants. *Id.* at 2. *Mondis*, however, is clearly distinguishable from the instant case. In *Mondis*, the Court manifested a clear intention to make the parties' settlement agreement a part of its dismissal order, by stating in the order that "[t]his Court shall retain jurisdiction to enforce the settlement agreement between the parties." *Id.* at 3; *see Hospitality House*, 298 F.3d at 431 (holding that a provision in the dismissal order retaining jurisdiction over the settlement agreement reflects the court's intention to make the agreement a part of the dismissal order). The *Mondis* order of dismissal, in essence, adopted the parties' agreement of a specific and limited release which ran only to the television claims. In contrast, as noted above, here the state court indicated no intention to limit the scope of the final judgment to what the parties had allegedly agreed to in the settlement agreement. *See Hospitality House*, 298 F.3d at 431. Absent the showing of a clear indication of the state court's intention otherwise, this Court is not at liberty to disregard the plain language of the final judgment or unilaterally limit its scope. *See id.* Plaintiff is bound by the full scope of the state court's final judgment.

Given that the state court judgment was issued "in full settlement" of all known or unknown claims arising out of the May 30, 2009 accident, as between Plaintiff and Defendant Farmer Texas, Plaintiff's current claims against Farmers Texas are barred under the doctrine of *res judicata*.

### d. Plaintiff's Claims Against Other Named Defendants Are Also Barred by *Res Judicata*

Aside from Farmers Texas, Plaintiff has named other Defendants in this lawsuit, including Mid-Century Insurance Company, Mid-Century Insurance Company of Texas, 21st Century North America Insurance Company, 21st Century Preferred Insurance Company, 21st Century

11

Centennial Insurance Company, and 21st Century Insurance Company of the Southwest. (*See* Dkt. No. 18.) Plaintiff alleges that each of these additional Defendants, like Farmers Texas, "is a part of the Farmers Insurance Group," who issued the auto insurance policy in question. (*See id.* at ¶¶ 3-9.)

Under Texas law, a former judgment bars a second suit against all who were in "privity" with the parties to the first suit. *Getty*, 845 S.W.2d at 800 (Tex. 1992) (citing *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971)). "Privity connotes those who are in law so connected with a party to a judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Benson*, 468 S.W.2d at 363. "There is no general definition of privity that can be automatically applied in all *res judicata* cases; the circumstances of each case must be examined." *Getty*, 845 S.W.2d at 801 (citing *County Mutual Ins. Co. of Texas v. Childress*, 650 S.W.2d 770, 773–74 (Tex. 1983); *Benson*, 468 S.W.2d at 363). "Those in privity with a party may include persons who exert control over the action, persons whose interests are represented by the party, or successors in interest to the party." *Id.*

Here, all named Defendants are allegedly licensed to sell automobile insurance policies in Texas, as "a part of" the Farmers Insurance Group. (Dkt. No. 18 at ¶¶ 3-9, 14.) In other words, Defendants are sister entities owned and controlled by the same parent. Plaintiff only named Farmers Texas as defendant in the prior lawsuit, presumably because Farmers Texas had handled all of Plaintiff's insurance claims arising out of the May 30, 2009 accident. (*See id.* at ¶¶ 22-28.) Plaintiff has not alleged, either in the present or the prior lawsuit, that the other named Defendants were involved in any way in processing Plaintiff's insurance claims. Having been sued and subject to the final judgment in the prior lawsuit, Farmers Texas effectively acted as the representative of the Farmers Insurance Group with respect to Plaintiff's claims for insurance

benefits. The interests of the other named Defendants, whose only connection with Plaintiff's claims is through the Farmers Insurance Group, have been amply represented by Farmers Texas in the prior lawsuit. These Defendants should be and are deemed to be in privity with Farmers Texas for purpose of *res judicata*. *See Getty*, 845 S.W.2d at 801. Accordingly, Plaintiff's claims against the remainder of the named Defendants other than Farmers Texas are also barred by the state court's final judgment. *See id.* at 800.

### e. The Instant Case Cannot Proceed as a Class Action Because it Has Failed to Satisfy the "Adequacy" Requirement of Rule 23

Plaintiff filed the instant action, under 28 U.S.C. § 1332(d)(2), as individuals and on behalf of others similarly situated. An action, however, may proceed as a class action only if the party seeking certification demonstrates that all four of the requirements under Rule 23(a) are satisfied: (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) the claims or defenses of the representative parties be typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001). In particular, "the adequacy requirement mandates an inquiry into the zeal and competence of the representative's counsel and the willingness and *ability of the representatives to take an active role in and control the litigation* and to protect the interests of absentees." *Berger*, 257 F.3d at 479 (emphasis added) (citing *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 484 (5th Cir.1982)).

Here, Plaintiff is barred, under *res judicata*, from seeking individual relief from Defendants. As the sole class representative, Plaintiff lacks the ability "to take an active role" in this litigation, and cannot adequately represent or protect the interests of absentee members of the class. *See id.* Therefore, this case cannot proceed as a class action because it has failed to satisfy

the "adequacy" requirement of Rule 23.  *See id.*

## V. Conclusion

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion to Dismiss Plaintiff's complaint, on the ground of *res judicata*.  Plaintiff's individual claims against Defendants are **DISMISSED WITH PREJUDICE.**  This Court does not reach Defendants' other arguments stated in the Motion to Dismiss.

Given that *res judicata* bars the claims of the only named Plaintiff, the instant case cannot proceed as a class action because the class representative lacks the ability to participate in this litigation and cannot adequately represent the interests of others similarly situated.  The complaint on behalf of others similarly situated is hereby **DISMISSED WITHOUT PREJUDICE.**

**So ORDERED and SIGNED this 11th day of March, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE